UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL CURTIS REYNOLDS,

                           Plaintiff,

          - against -

MARVIN D. MORRISON, WARDEN,

                           Defendant.

-----------------------------------------------------------------X

07 Civ. 0875 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      The Complaint of Plaintiff Michael Curtis Reynolds, dated December 8, 2006, was received by the Court's Pro Se Office on December 20, 2006. The Complaint asserts the following three claims against Defendant Marvin D. Morrison, the Warden of the Manhattan Correctional Center (MCC): (1) "law library denial yet again, cancelled once, only one hour given the only time we went," (2) "locked in 'hole' 2 weeks due to overcrowding, Law Library available to 'hole' inmates non-functional, no legal reason given for non-availability," and (3) that he was "placed in 'hole' with inmate known to be in for fighting, said inmate had three fights, caught at one, assaulted my person with books and other thrown objects, injuries sustained, not seen." (Compl. ¶ 4.) The Complaint contains no further factual allegations, including no allegations of Defendant's personal involvement in these incidents, and provides no further details regarding these claims.

      The United States Bureau of Prisons, which operates the MCC, has a grievance program, the Administrative Remedy Program, which applies to its prisons, including the

MCC, and provides a process that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

Exhaustion of administrative remedies is mandatory under the PLRA. Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007).

Defendant submits the Declaration of Elisa Mason, a staff attorney at the MCC, dated January 17, 2008 ("Mason Decl."). U.S. Bureau of Prison records kept in the regular course of business show that Plaintiff arrived at the Metropolitan Correctional Center (MCC) in New York, New York, on November 15, 2006, as an in-transit federal pre-trial detainee. (Mason Decl., Ex. A.) He was transferred to the United States Penitentiary at Lewisburg, Pennsylvania, on December 7, 2007. (Id.) Sentry records kept in the regular course of business by the Bureau of Prisons show no administrative requests (grievances) or appeals by the Plaintiff. (Id. at Ex. B.)

Defendant points out that Plaintiff's Complaint was received by the Court on December 20, 2006, thirty-five days after his arrival at the MCC on November 15, 2006, and that to exhaust his remedies under the four stage Administrative Remedy Program would take 90 days, assuming the Bureau of Prisons made no response to the grievances. (Letter Brief of Special Assistant U.S. Attorney, Emily E. Daughtry, dated May 2, 2008, at 1.) In response to the Court's memo endorsement of that letter, Ms. Daughtry provided the Court with her step-by-step calculation of the time required to exhaust Plaintiff's

remedies by letter dated May 14, 2008. By letter received by the Court on May 22, 2008, the Plaintiff states he did not get a Regional Response and, thus, could not file a BP11, and that, therefore, he had exhausted his remedies when he filed the Complaint. However, the Plaintiff, after first seeking an informal resolution of his grievance, is required to file a written Administrative Request to which the Warden must respond within 20 calendar days, 28 C.F.R. § 542.18. If the inmate does not receive a response from the Warden within 20 days, he may then appeal to the Regional Director. 28 C.F.R. § 542.15(a). The Regional Director then has 30 days to respond to that appeal by the inmate. 28 C.F.R. § 542.18. Since Plaintiff filed this action with the Pro Se Office of this Court on December 20, 2006, within 32 days of his arrival at MCC, he filed the Complaint in this Court before the time for the response from the Regional Director had elapsed, 50 days from his filing his grievance (20 days, plus 30 days). Accordingly, he failed to exhaust his administrative remedies before bringing this action.

The Complaint is dismissed.

IT IS SO ORDERED.

Dated: New York, New York
May 29, 2008

Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Order sent to:

*Plaintiff Pro Se:*
Michael Curtis Reynolds
#10671-023
USP Lewisburg
P.O. Box 1000
2400 Robert F. Miller Drive
Lewisberg, PA 17837

3

*Attorney for Defendant*
Michael J. Garcia, United States Attorney
By: Emily E. Daughtry
Special Assistant United States Attorney
86 Chambers St., Third Floor
New York, NY 10007
Tel: 212-637-1579
Fax: 212-637-2717